# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE JOHNSON,<br><br>          Plaintiff,<br><br>   v.<br><br>K. CLARK, et al.,<br><br>          Defendants. | 1:09-cv-00541-AWI-GSA-PC<br>[Kern County Superior Court case #08C0409]<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT CASE BE REMANDED TO KERN COUNTY SUPERIOR COURT<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.      BACKGROUND**

This is a civil action filed by plaintiff Jesse Johnson ("plaintiff"), a state prisoner proceeding pro se. This action was initiated by civil complaint filed by plaintiff in the Kern County Superior Court on October 16, 2008 (case #08C0409). On March 19, 2009, defendants Heck, Prud'Homme, Martinez, Enenmoh, Crum, Clark, Miller, Fouch and Baires ("defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b). (Doc. 1.)

**II.     SUMMARY OF COMPLAINT**

Plaintiff is a wheelchair-bound inmate who is presently incarcerated at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events at issue allegedly occurred. Plaintiff names as defendants M. L. Crum, A. Enenmoh (M.D.), Jack Lane (M.D.), H. Benyamin (M.D.), K. Clark, C. M. Heck, Fouch, G. Martinez, S. Suryadevara (M.D.), K. Kachare (M.D.), G. Miller, Prud'homme, M. A. Baires, and R. Pranger. All of the defendants are employees of the California Department of Corrections and Rehabilitation ("CDCR") at SATF.

1

Plaintiff makes the following allegations.

In March 2007, plaintiff requested medical items which had already been approved for him, including a wheelchair barrier free access cell, a helmet, and padding on the edge of his lockers for protection due to frequent seizures. He was given a helmet but not the other items. Defendants Heck and Martinez failed to use their authority to grant plaintiff's request to be housed in a wheelchair cell, and as a result plaintiff was injured when he had a violent seizure and fell, requiring 8 staples in his head.

In April 2007, plaintiff requested physical therapy, padding of his lockers and shelves, to see a foot doctor, to see a sleep specialist, to have x-rays taken of his right hand, to be given assistance with losing weight, to have his c-pap machine cleaned, and to be given another pair of wheelchair gloves, a knee brace, and a back brace. He was given x-rays, wheelchair gloves, and physical therapy, but not the knee and back brace. Knowing plaintiff's physical condition, defendants Martinez and Pranger still failed to use their authority to grant plaintiff's request for the custom fitting knee/ankle supports.

In June 2007, when plaintiff was transported to the medical department, several items of his personal property were misplaced. After plaintiff complained, all of the items were returned to him except for two photographs of his mother and his aunt. A search was made for the photos, but they were not found or replaced. Defendants Fouch, Baires, Clark, and Prud'homme failed to follow up on the search for plaintiff's photos, to discover which staff members were present when plaintiff was transported to the medical department.

In March 2008, plaintiff requested permission to take a shower every day and to be given a bag of ice during the summer months. Dr. Leon agreed that plaintiff should have these items; however, the requests were denied. Knowing how difficult it is for plaintiff to properly bathe in his cell, defendants Martinez and Crum still denied plaintiff's request for a daily shower.

Plaintiff's injuries include extreme back pain, extreme knee and ankle pain, injuries from falling during a seizure, and emotional distress. Plaintiff requests monetary damages as relief.

Plaintiff brings four distinct and separate causes of action in the complaint. First, plaintiff claims that defendant Clark failed to properly hire, train, supervise, assign, and discipline the

1  CDCR medical and custody staff, in violation of California Penal Code §4008. (Notice of
2  Removal, Exh. A, Complaint at p. 16.) Second, plaintiff claims that defendants Heck, Martinez,
3  Miller, Prud'homme, Fouch, Baires, Pranger and Crum failed to protect plaintiff from the
4  violation of his constitutional rights, in violation of California Civil Code §43. (Notice of
5  Removal, Exh. A, Complaint at p. 18.) Third, plaintiff claims that defendants Benyamin,
6  Kachare, Lane Suryadevara and Enenmoh were medically negligent in failing to properly treat
7  plaintiff for his medical condition, in violation of California Civil Code §1714(a). (Notice of
8  Removal, Exh. A, Complaint at p. 19.) Fourth, plaintiff claims that defendants Benyamin,
9  Kachare, Lane, Suryadevara and Enenmoh violated his state constitutional right to be free from
10 corporal punishment when they denied him medical treatment, in violation of California Penal
11 Code §673 and California Constitution Article I §17, causing plaintiff to suffer pain, injury, and
12 emotional distress. (Notice of Removal, Exh. A, Complaint at p. 20.)

### III. REMOVAL AND REMAND

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint, and is properly removed only if "a right or immunity created by the Constitution or laws of the United States [constitutes] an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). The plaintiff is the master of his or her own complaint and is free to ignore the federal cause of action and rest the claim solely on a state cause of action. See The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Id.; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction." Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

### *Well-Pleaded Complaint*

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

## IV. DISCUSSION

In their Notice of Removal, defendants state that "this is a civil action for the alleged violation of Plaintiff's federal constitutional rights." (Notice of Removal at p. 2 ¶3.) Defendants acknowledge that plaintiff did not specifically refer to his federal constitutional rights in the complaint. Id. However, they argue that federal jurisdiction is present because plaintiff's exhibits to the complaint, upon which plaintiff relies, "demonstrate[] that Plaintiff is pleading that Defendants' actions violated the Americans with Disabilities Act (ADA)." Id. Defendants cite as authority an opinion rendered by the Second Circuit, in support of the argument that plaintiff's lack of reference to federal law in the body of the complaint is not controlling where the nature of the federal right is clearly set forth, allowing federal jurisdiction to attach. North American Phillips Corp. V. Emery Air Freight Corp., 579 F.2d 229, 233-34 (2nd Cir. 1978.) However, the opinion of the Second Circuit does not serve as precedent for this court, nor does it conform with the Ninth Circuit's authority.

As stated above, removal of an action under 28 U.S.C. § 1441(b) depends solely on the nature of the plaintiff's complaint. Gully, 299 U.S. at 112. The court has thoroughly reviewed the body of plaintiff's complaint and finds no reference to the United States Constitution,

treaties, the ADA, or any other federal law. Plaintiff uses a California state civil case cover sheet to describe his case as a tort action within the Personal Injury/Property Damage/Wrongful Death category. On the face of the complaint itself, plaintiff checked the box designating the case as a Personal Injury Complaint. On page 3 of the form complaint, plaintiff selected as causes of action General Negligence and Intentional Tort. Plaintiff does allege that defendants failed to protect him from the violation of his "constitutional rights;" however, this reference to the constitution was in the context of plaintiff's claim that defendants violated California Civil Code §43, not the constitution. Moreover, in light of the fact that plaintiff specifically refers to the court's jurisdiction under the California Constitution, but not the United States Constitution, it appears more than likely that "constitutional rights" refers only to the California Constitution.

      The court has also thoroughly reviewed plaintiff's exhibits to the complaint. Plaintiff submits as exhibits copies of requests and appeals he filed at SATF and the responses he received. Plaintiff's initial Requests, #07-1171, #07-1904, #07-2889, and #08-1737 were filed on form CDC-1824 (Reasonable Modification or Accommodation Request, Category 18.ADA), requesting medical items, medical treatment, and the return of his property. The fact that plaintiff filed his Requests on ADA forms is not enough to confer federal jurisdiction. It is clear in the complaint that plaintiff has not based any of his claims on defendants' violation of the ADA. Moreover, in their responses to plaintiff's requests and appeals, prison officials indicate their decisions are primarily based on the California Code of Regulations, the Armstrong Remedial Plan, and the CDCR's Department Operations Manual, not the ADA. As such, the nature of plaintiff's complaint on its face creates doubt as to the right of removal in the first instance. As stated above, plaintiff is the master of his own complaint and is free to rest his claims solely on state causes of action. See The Fair, 228 U.S. at 25. Based on the foregoing, the court finds that plaintiff's complaint does not present a claim arising under federal law, and this action does not implicate a federal interest sufficient to sustain removal of the action to federal court.

///

///

## V. CONCLUSION AND RECOMMENDATIONS

The Court finds that the federal court lacks jurisdiction over plaintiff's complaint and the action is not removable. Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be remanded to the Kern County Superior Court; and
2. The Clerk be directed to close the case and serve notice of the remand.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 15, 2009**     /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE